SOMMERVILLE, J.
Plaintiff is a materialman, suing the defendant for the value of materials used in the building of a barn on the property or plantation of the intervener, Mrs. Field F. Montgomery, and for the recognition of a lien upon said barn. Plaintiff obtained judgment, and proceeded to advertise and sell the barn.
Mrs. Montgomery, the owner of the plantation upon which the barn was built, intervenes, alleging that she is the owner of the barn; that it is not the property of the defendant or subject to his debts; and that plaintiff has no lien thereon. She further alleges that the barn was built partly of materials belonging to her, obtained by the demolition of a barn which stood upon said plantation for many years, and partly of materials belonging to the defendant; and that *419 upon defendant giving up the plantation, at the expiration of his lease in 1909, the said barn remained the property of intervener; and that it had been turned over by defendant to her on account of a large rent claim which she had against him for the rents of 1904 and succeeding years. In the alternative, in the event the court should hold the barn belongs to defendant,' she alleges that she has a claim against defendant for rent in excess of $2,500; and that she has a lessor’s lien upon said barn. She asks for judgment decreeing that the barn belongs to her; and, in the alternative, she asks that her lessor’s lien of $2,500 be recognized as priming that of plaintiff and all other persons.
The judgment of the Court of Appeals is in favor of plaintiff; and intervener asks that we review same.
The record is before us.
Intervener did not take the witness stand, and she offered no evidence whatever in support of the allegations contained in her petition. In the answer to the petition of intervention, interrogatories on facts and articles were propounded to intervener by plaintiff, and her answers thereto constitute the only evidence in the record in her behalf. When asked what portion of the lumber of the old barn went into the erection of the new barn, she answers that she does not know, as she was not on the place while the barn was being built. The testimony offered on behalf of plaintiff shows that the new barn was built entirely with materials belonging to the defendant, some of which he bought from plaintiff. It also shows that the new barn was built before the old barn was demolished. Intervener was not therefore primarily the owner of the new barn or any part theréof. The evidence further shows that defendant erected a small harness room to one side of the new barn, under a second contract with a builder, and that a very small portion of the material of the old barn was used in building the harness room; but that it is not a part of the barn. When asked as to the time of the building of the new barn or the destruction of the old one, she answers that she does not know, as she was not present and had nothing to do with the contract for the building of the barn. She was interrogated as to the lease, and she answered that there was no written contract of lease, but for most of the years that defendant leased the place he executed rent notes. But she does not offer the rent notes in evidence to prove the amount due. She answered that defendant had taken the plantation for an indefinite time, and had agreed to pay $2,250 per annum, except for the year 1909, when the rent was $2,500; that the rent had never been paid in full; and after three years a balance had been arbitrarily fixed at $1,000; that during the last four years no rent had been paid, except the taxes on the property amounting to about $500 a year; that “the allowance for the barn is to be credited on the balance due at the time it was turned over,” at which time defendant owed her $5,000 rent; and that when he gave the place up January 1, 1910, he owed her over $6,000. Yet in her petition she only asks that she be paid $2,500 for rent, by preference, out of the proceeds of the sale of the barn.
It is unnecessary to here determine the amount of rent which may be due intervener by defendant.
With reference to the transfer of the barn by defendant to intervener, the latter says:
“Both he (the lessee) and I had considered that the new barn was mine all the time.”
Again she says:
“After it had been some time built, in the latter part of 1908, defendant being largely in arrears on the rent due me; * * * I consented to giving him a credit on the rent claim for some of the expenses” (of building the barn).
This testimony is contradictory; it does, not prove the transfer of the title of the les *421 see, Davis, to the barn to the intervener. The mere crediting of the rent claim against defendant by what the intervener considered the value of the barn to her, or that intervener considered that the barn belonged to her all the time, is not sufficient proof of the giving in payment by a debtor to a creditor. There is not only no evidence of the transfer, but none of the forms of law necessary in such cases were complied with.
The intervener was not the owner of the barn at the time that plaintiff recorded its claim for material furnished to Davis for the erection of the barn.
[1] We shall now consider plaintiff’s claim for recognition of its lien for materials furnished to defendant; and intervener’s claim that her lessor’s lien primes that of the materialman.
Article 3249, par. 3, C. C., gives to material-men liens and privileges upon the buildings for which materials were furnished; but not upon the lot of ground, when said lot belongs to another person.
“And if such building, improvement, or other work is caused to be erected by a lessee of a lot of ground, in that ease the privilege shall exist only against the lease and shall not affect the owner.”
In the case of Schwartz v. Saiter, 40 La. Ann. 270, 4 South. 80, we construe this last-quoted clause as follows:
“We are not aware of any decision of this court that has ever given an interpretation of this article; but it is reasonable to infer, from the provision quoted, that the lease contemplated is one of property that is unimproved ; that the owner thereof shall not be affected by any construction subsequently erected thereon by the lessee, and which was not originally part of the ‘property under the lease’; and that the contractor who erected it has a privilege thereon as an integral part of the ‘lease.’
“Antecedent to the revision of the Code in 1870, the contractor had no such privilege. It is not awarded against the lessee, but against the lease. The quoted paragraph declares that it shall not affect the owner.
“The employment of these terms clearly indicates its purpose and object to be that the construction forms a part of the lease, and that the privilege of the contractor attaches to it: In this manner it could be made effective. But should it be held that such a construction or work became the property of the lessor of the lot of ground, free of the contractor’s lien, it would be deprived of all force * * * as nothing applicable to it would remain.”
The lieu of plaintiff therefore attached to the barn while it was the property of plaintiff who had constructed it, and as the lien was recorded prior to the time that the barn passed into the possession of the intervener, on the final termination of the lease, it primes the lessor’s privilege for rent.
Intervener also complains that plaintiff’s bill for materials was not given in sufficient detail, and it was not shown that the material was all used in the construction of the barn. The bill filed in the record is in full detail, and the evidence for plaintiff shows that the material was used by the defendant in the erection of the barn referred to.
We fully concur with the Court of Appeals in its finding of facts and application of the law thereto.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeals is affirmed at the cost of relatrix.